# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

RONNIE WILLIAMS,           )
                           )
    Petitioner,            )
                           )
v.                         )    Case No. CV414-088
                           )
ROBERT TOOLE, Warden,      )
                           )
    Respondent.            )

## REPORT AND RECOMMENDATION

Ronnie Williams petitions *pro se* for 28 U.S.C. § 2254 relief, claiming that he remains in prison despite serving his entire sentence for burglary. Doc. 1. Respondent Robert Toole, on the other hand, counters that this Court must defer to the state habeas court's finding that Williams' sentence does not end until 2027. Doc. 8-1 at 5-6. As Williams has not shown that the state court unreasonably determined the facts in light of the evidence before it, his petition must be denied.

**I.    BACKGROUND**

Williams is a serial burglar. *See* doc. 9-6 at 13 (1993 indictment for burglary listing prior offenses, including Georgia burglary charges in 1980, 1987, 1991, and 1983 in California). In 1991, he was indicted on nine

counts of burglary, three counts of entering an auto, and a recidivist count. *Id.* at 22-28 (burglary indictment), 29-33 (entering an auto indictment). He pled guilty to all charges and received a 15-year sentence (15 years for the burglary counts, to run concurrently to each other, and 5 years on the entering-an-auto counts, to run concurrently to each other and to the burglary counts). *Id.* at 22, 29. He was ultimately paroled on February 22, 1993. Doc. 9-5 at 12.

Williams wasted no time after his release from prison before re-entering his life of crime. He was indicted in August 1993 for a burglary committed between March 14-16, 1993, and for another burglary on April 6, 1993. Doc. 9-6 at 12. A jury found him guilty of the April 6 burglary, one count of theft by receiving, and one of obstruction of a police officer. *Id.* at 10-12. On February 3, 1994, the state court sentenced him to one year for theft, one year for obstruction, and 20 years for burglary, all of which Williams was to serve "*consecutive* to Parole sentence now serving." *Id.* at 10 (emphasis added).[1] Shortly after the jury's verdict, his parole was revoked for the 1991 burglary and entering-an-auto convictions. Doc. 9-5

---

[1] On March 24, 2000, the trial court issued a "corrected sentence" clarifying that it sentenced Williams to serve 20 years for burglary "consecutive to any sentence previously adjudged," one year for theft, and one year for obstruction, to run consecutively to each other and the 20 year burglary sentence, for a total of 22 years to serve. Doc. 9-6 at 40-41.

2

at 11 (revocation certificate dated March 18, 1994).

On April 15, 2013, Williams filed a state habeas petition contending that his continued confinement violated due process since he had fully served his sentence on the 1994 convictions. Doc. 9-2 at 4. After holding an evidentiary hearing, the state habeas court denied relief on September 19, 2014, finding that: (1) Williams was on parole for the 1991 burglary conviction when he was convicted for another burglary in 1994, and (2) his sentences for the 1994 convictions did not begin until he finished the full sentence for his 1991 conviction. Doc. 9-3 at 2-3. The Georgia Supreme Court subsequently denied Williams' application for a certificate of probable cause to appeal on March 2, 2015. Doc. 9-4. He filed the present petition on May 1, 2014. Doc. 1.

## II. GOVERNING STANDARDS

"On federal habeas review, AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 131 S. Ct. 1305, 1307 (2011) (quotes and cites omitted). This Court cannot disturb them unless they "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "State

court . . . determination[s] of . . . factual issue[s]," moreover, "shall be presumed to be correct," *id.* at § 2254(e)(1), "unless the petitioner rebuts that presumption by clear and convincing evidence." *Debruce v. Comm'r, Ala. Dep't of Corrs*, 758 F.3d 1263, 1266 (11th Cir. 2014).

## III. ANALYSIS

Williams alleges that he "is confined beyond the term of his sentence [in] depriv[ation] of due process."[2] Doc. 1 at 10. His sentence on the 1994 burglary conviction, he believes, should have been "computed as time served on the [1991] sentence for which he was paroled," and thus that his continued imprisonment is unconstitutional. *Id.* at 4 (citing O.C.G.A. § 42-9-

---

[2] Federal courts may "entertain an application for a writ of habeas corpus" filed by a prisoner in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Williams claims that his current incarceration beyond the term of his sentence violates the Fourteenth Amendment. Doc. 1 at 10. Although such a claim may fit better under the Eighth Amendment's prohibition on cruel and unusual punishment, *see, e.g., Hankins v. Lowe*, 786 F.3d 603, 605 (7th Cir. 2015) (Posner, J.) ("[A] state officer who unlawfully keeps a person in custody beyond the date at which he . . . is entitled to be released imposes a form of cruel and unusual punishment, and thus violates the Eighth Amendment."), a due process violation also may exist if a "state itself creates a statutory right to release from prison." *Haygood v. Younger*, 769 F.2d 1350, 1355 (9th Cir. 1985) (citing *Vitek v. Jones*, 445 U.S. 480, 488-89 (1976)). If state officials then calculate a sentence "in a manner .which denie[s] . . . [a prisoner] his statutory right to liberty without due process of law, a constitutional violation exists." *Id.*

Here, Williams alleges that his continued imprisonment violates O.C.G.A. § 42-9-51 and the rule from *Balkcom v. v. Jackson*, 219 Ga. 59 (1963), both of which, he contends, establish a right to release for prisoners in his shoes. *See* doc. 1 at 4. He therefore has met the threshold requirement for habeas relief that a prisoner be "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3).

51(g) and *Balkcom v. Jackson*, 219 Ga. 59 (1963)). Relying on § 2254(d)(2), "[r]espondent urges the Court to defer to the state habeas court's merits decision." Doc. 8-1 at 5.[3]

That court found that Williams violated his parole on March 14, 1993, "as evidenced by his convictions on February 3, 1994" for burglary, theft, and obstruction. Doc. 9-3 at 2. It further found that Williams' parole was revoked on March 18, 1994, "and he was sent back to prison to serve the remainder of his sentence for the 1991 convictions and the sentence for the 1994 convictions consecutively." *Id.* Citing an affidavit from Carol Adeyeye, a Georgia Department of Corrections Court Liaison Officer, the state habeas court then found that:

> The balance of Petitioner's 1991 sentence was revoked on March 18,

---

[3] Williams also claims that the state habeas court's "inordinate delay" in deciding his case resulted in a decision after his incarceration should have ended and thus also constitutes a violation of due process. Doc. 1 at 10. But as respondent correctly notes, "defects in state collateral proceedings do not provide a basis for habeas relief." *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009). Any "inordinate delay," doc. 1 at 10, by the state habeas court does not "undermine the legality of [Williams'] detention or imprisonment . . . and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365.

This ground for relief should also be denied because Williams never raised it before the state habeas court and so failed to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, he must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); *Kelley v. Sec'y for Dep't of Corrs.*, 377 F.3d 1317, 1344 (11th Cir.2004) ("To properly exhaust a claim, 'the petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.'"); *Jeffcoat v. Brown*, 2014 WL 1319369 at * 6 (S.D. Ga. Mar. 27, 2014) (same).

> 1994. Petitioner's June 12, 1991 burglary conviction then expired on October 20, 2005. The entering an auto conviction expired on October 21, 2005. Petitioner's sentences for the 1994 convictions began on October 20, 2005 and were: twenty years (burglary), twelve months (obstruction of a police officer), and twelve months (theft by receiving stolen property), all consecutive and consecutive to any sentence previously adjudged. . . . Petitioner is incorrect in stating his sentence is complete and he should be released.

*Id.* at 3.

Adeyeye's affidavit fully supports that analysis, doc. 9-6 at 3-7, as do its attached exhibits. *Id.* at 8-42. *Balkcom* and O.C.G.A. § 42-9-51, moreover, are not to the contrary. In *Balkcom*, the court held:

> that where a prisoner serving his sentence on parole under an order of the State Board of Pardons and Paroles is convicted and sentenced to serve time for another criminal offense, the time he serves on the latter sentence will be computed as time served on the sentence for which he was paroled, *until such time as the State board by order revokes his parole*."

219 Ga. at 61 (emphasis added). There, the state board revoked parole only after the petitioner served his federal sentence. *See id.* Here, by contrast, Williams' parole on his 1991 convictions was revoked on March 18, 1994, barely a month after imposition of the February 3, 1994 sentence he claims to have already completed. Doc. 1 at 8-9. At best, then, *Balkcom* requires that 346 days of Williams' time served on the 1994 convictions count as "time served on the sentence for which he was paroled." *Balkcom*, 219 Ga. at 61; doc. 1 at 4 (alleging that 1993 burglary sentence began on

April 6, 1993); *id.* at 8 (parole for 1991 convictions revoked on March 18, 1994). Even under that understanding of how time served is calculated, Williams' sentence should not end until 2026.

Williams' reliance upon O.C.G.A. § 42-9-51 is likewise misplaced. He appears to interpret that provision as effectively requiring that his sentences for the 1991 and 1994 convictions run concurrently, doc. 1 at 4, despite the trial court's explicit order that they run consecutively. *See* doc. 9-6 at 40-41. That, however, is not how § 42-9-51 works. It simply requires that the Board of Pardons and Parole, after revoking a prisoner's parole, credit the time by that point served on parole towards completion of the sentence. *Id.* at (g). As the state habeas court properly found, and as Adeyeye's affidavit confirms, Williams in fact received credit towards his 1991 sentence for his short time on parole. *See* docs. 9-3 at 3; 9-6 at 6.

At bottom, the state habeas court's determination that Williams' 1994 sentence did not begin to run until 2005 -- when he completed the sentence for his 1991 convictions -- was not unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2). To the contrary, the evidence amply supported that finding. Williams presents no evidence, much less of the clear and convincing variety, in rebuttal, and so this Court must afford the state court deference. *Debruce v. Comm'r, Ala. Dep't of*

*Corrs*, 758 F.3d 1263, 1266 (11th Cir. 2014).

## IV. CONCLUSION

Williams' petition should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D.Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 20th day of July, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA